The bill is to recover a legacy. By the fifth clause of his will Hugh Hartshorne gave his estate to the Central Union Trust Company of New York —
"To be divided by said Central Union Trust Company into five separate trust funds of equal amount and value for the following uses and purposes and with each one of my five children, Hugh *Page 112 
Hartshorne, Robert Doremus Hartshorne, Elizabeth H. Vreeland, Beatrice Hartshorne and Edward Lawrence Hartshorne, as the beneficiary of one of said trusts."
"Second Trust. To pay over semi-annually the income arising therefrom to my son, Robert Doremus Hartshorne, as long as there is such income and to pay over the total principal amount of this trust fund to my said son, his heirs and assigns forever, when my said son has attained the age of thirty-five years, provided, that if my said son purchases my or any other member's seat on the New York stock exchange within three months after my death the principal amount set aside for him under this trust and all income which has accrued thereon shall be paid to him upon the purchase by him of such seat and not at the time when he has attained the age of thirty-five years."
Upon the death of the legatee leaving lawful issue the issue were to take.
The will bears date January 6th, 1922. The testator died June 28th, 1923. The legatee is under thirty-five years of age. After the execution of the will and before his father's death he bought a seat and has ever since been a member of the New York stock exchange. His father helped him to some of the money to make the purchase. The legatee is married and has infant children.
The trust company declines to pay over the legacy without the protection of a decree, and in duty bound contends that the condition upon which payment of the legacy was to be accelerated was not performed by the purchase of a seat before the testator's death. The position is justifiable but the objection is not sound. The testator's intention is not obscure. He wanted his son, who was a broker's clerk, to follow in his footsteps as a member of the stock exchange, and to quicken him into action held out the acceleration of payment of the gift if he "arrived" within three months after his death. The word "purchase" was not used as a condition, but merely as descriptive of the method of acquiring a seat and "within" was used in the sense of "before," not as a period, but as a limitation upon the time of accomplishment. It was of no interest to the testator or to his estate how the seat was to be had, by purchase or gift, and none when the son came into membership so long as he acquired it before three months expired after the death of the testator. The status of membership *Page 113 
in the stock exchange within the time limited was the key to immediate payment of the legacy. The son has earned it and it will be ordered paid to him.